IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

| | |
|---|---|
| WELLS FARGO BANK,<br>NATIONAL ASSOCIATION,<br><br>   Appellee,<br><br>v.<br><br>BARBRANDA WALLS,<br><br>   Appellant. | )<br>)<br>)<br>)<br>)<br>) CONSOLIDATED<br>) No. 13-1087 (L)<br>) No. 13-1365<br>)<br>)<br>) |

**Emergency Motion to Compel Filing of Corrected Appendix by
Appellant and for Temporary Stay or, in the Alternative, Motion
to Allow Filing of Corrected Appendix and Assess Costs**

Appellee, Wells Fargo Bank, National Association, successor by merger with Wachovia Bank, National Association ("Wells Fargo"), by counsel, submits this Motion to Compel Appellant Barbranda Walls ("Barbranda Walls") to file a Corrected Joint Appendix in compliance with Rule 30 of the Federal Rules of Appellate Procedure and to stay the current briefing deadlines in effect until a reasonable time after a Corrected Joint Appendix is filed. In the alternative, Wells Fargo respectfully requests that it be allowed to file a Corrected Joint Appendix and to recover the costs of same from Barbranda Walls.

## ARGUMENT

The Joint Appendix as filed by Barbranda Walls violates multiple rules of this Court and the Federal Rules of Appellate Procedure. In spite of Wells Fargo's

numerous requests to Barbranda Walls's counsel regarding the need to file a Corrected Joint Appendix (*see* correspondence attached hereto as **Exhibit A**), Barbranda Walls has failed to file a Corrected Joint Appendix or to authorize Wells Fargo to file same. The deficiencies of the existing Joint Appendix are detailed below:

First, the Joint Appendix fails to include all of the exhibits to Wells Fargo's Memorandum and Verified Affidavit in Support of Motion for Attorneys' Fees and Costs [Docket Entry 50] (the "Memorandum"). Specifically, the Joint Appendix omits Exhibit 3 to the Memorandum, which is comprised of time entry sheets that were relied upon by the trial court in granting Wells Fargo's motion for attorneys' fees and costs. The Memorandum appears at pages 000325-335 of the Joint Appendix. Exhibit 1 to the Memorandum is erroneously placed before the Memorandum at pages 000321-324 of the Joint Appendix, and Exhibit 2 to the Memorandum immediately follows the Memorandum at pages 000336-348. Previous correspondence from Barbranda Walls's counsel represented that all exhibits to the Memorandum would be included in the Joint Appendix. *See* correspondence attached hereto as **Exhibit B** at p.2. Wells Fargo counsel also requested that a Corrected Joint Appendix be prepared to address the omission. *See* Exhibit A. In spite of these assurances and requests, Exhibit 3 is not included in the Joint Appendix.

Second, as evidenced by the disjointed placement of the Memorandum exhibits referred to above, the Joint Appendix is not "chronological" as required by Rule 30(d) of the Federal Rules of Appellate Procedure. As a further example, the first exhibit to the Complaint is not included with the Complaint at pages 000001-013 of the Joint Appendix, and does not in fact appear until pages 000268-273 of the Joint Appendix. Indeed, all of the documents included in pages 000209-374 of the Joint Appendix are not included in chronological order. Wells Fargo counsel requested that a Corrected Joint Appendix be prepared to address this deficiency. *See* Exhibit A.

Third, the Joint Appendix includes a document that is not part of the record below. Specifically, at pages 000276-318 of the Joint Appendix, Barbranda Walls has inserted late self-serving discovery responses that she served upon Wells Fargo on December 29, 2012, only after the Eastern District of Virginia entered summary judgment. This discovery was never part of the record below and it has no place in this Appeal. Wells Fargo counsel specifically requested that a Corrected Joint Appendix be prepared to address this error. *See* Exhibit A.

Finally, the table of contents provided with the Joint Appendix is not "sufficiently detailed to be helpful to the Court" as required by Local Rule 30(b)(2). As an example, the reference to the first document in the Joint Appendix, the Complaint, appears centered on the page as if it was a heading without

reference to any page numbers. Also, exhibits are not, as required, "listed in the table of contents by number or letter and by name or brief description." Local Rule 30(b)(2). As early as April 22, 2013, Wells Fargo expressed its objection to Barbranda Wall's counsel regarding the vague and ambiguous descriptions of documents used by counsel. *See* correspondence attached as **Exhibit C**.

Wells Fargo notes with grave concern its Appellee's Brief in this appeal is due on ***July 11, 2013***. In order to adhere to the rules and regulations of this Court, Wells Fargo must have a copy of a Corrected Appendix before it can finalize and file its brief. Moreover, Wells Fargo needs the final pagination of the Corrected Appendix before it can file Volume 2 of the Appendix which will be filed under seal.

## CONCLUSION

WHEREFORE, Wells Fargo Bank, National Association, successor by merger with Wachovia Bank, National Association, respectfully requests that the Court grant this motion, and (1) compel Barbranda Walls to submit a Corrected Appendix in compliance with the Federal Rules of Appellate Procedure and the Rules of this Court or risk dismissal pursuant to Local Rule 45; and (2) extend all pending deadlines in this case until such reasonable time after Barbranda Walls has submitted a compliant Corrected Appendix; or in the alternative (1) allow Wells Fargo to file a Corrected Appendix; and (2) assess the costs of such Corrected

Appendix against Barbranda Walls, and such other and further relief as this Court deems just and proper.

Rule 27(a) Certification:

Counsel hereby certifies pursuant to Local Rule 27(a) that counsel for Barbranda Walls has been informed of the intended filing of this motion and has not responded. *See* Exhibit A.

DATED this 26th day of June, 2013.

Respectfully submitted,

By: /s/ Alison W. Feehan

**KUTAK ROCK LLP**
Loc Pfeiffer, VSB No. 39632
Alison W. Feehan, VSB No. 35225
1111 East Main Street, Suite 800
Richmond, VA 23219
Telephone: (804) 644-1700
Loc.Pfeiffer@KutakRock.com
Alison.Feehan@KutakRock.com
*Counsel for Appellee, Wells Fargo Bank, National Association*

## CERTIFICATE OF SERVICE

I hereby certify that on June 26, 2013, a true and correct copy of the foregoing was served by ECF on Appellant's counsel as follows on:

>Harry T. Spikes
>harryspikes@gmail.com
>P.O. Box 23828
>L'Enfant Plaza, S.W.
>Washington, D.C. 20026
>*Counsel for Appellant*

        /s/ Alison W. Feehan
               Counsel

| | |
|---|---|
| **From:** | Feehan, Alison W. |
| **Sent:** | Wednesday, June 26, 2013 1:50 PM |
| **To:** | Harry Spikes |
| **Subject:** | RE: Wells Fargo v. Walls |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Mr. Spikes, please be advised that I intend to file a motion compelling Barbranda Walls to submit a Corrected Appendix in compliance with the Federal Rules of Appellate Procedure and extend all pending deadlines in this case until such reasonable time after Barbranda Walls has submitted a compliant Corrected Appendix; or in the alternative allow Wells Fargo to file a Corrected Appendix; and assess the costs of such Corrected Appendix against Barbranda Walls.

Please let me know by close of business if you consent to the motion. Thank you,


Alison W. Feehan
Kutak Rock LLP
Bank of America Center
1111 East Main Street, 8th Floor
Richmond, Virginia 23219
804 343-5205 (phone)
804 783-6192 (fax)

1


PLAINTIFF'S EXHIBIT A

| | |
|---|---|
| **From:** | Feehan, Alison W. |
| **Sent:** | Tuesday, June 25, 2013 2:38 PM |
| **To:** | Harry Spikes |
| **Subject:** | RE: Wells Fargo v. Walls |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

Mr. Spikes, you still fail to confirm that you are preparing a corrected appendix. The corrections that need to be made are not time-consuming, but I simply cannot delay any longer. The current joint appendix violates multiple rules. Unless you confirm today that a corrected appendix will be filed with the Court by Friday (and hand-delivered to me the same day given the proximity to appellee's filing deadline), I will have a corrected appendix filed and will seek the costs of same from your client.

Alison W. Feehan
Kutak Rock LLP
Bank of America Center
1111 East Main Street, 8th Floor
Richmond, Virginia 23219
804 343-5205 (phone)
804 783-6192 (fax)


**From:** Harry Spikes [mailto:harryspikes@gmail.com]
**Sent:** Tuesday, June 25, 2013 11:23 AM
**To:** Feehan, Alison W.
**Subject:** Re: Wells Fargo v. Walls

Ms, Feehan. The corrections you are suggesting will take considerable time. Tomorrow, June 26, 2013 I will communicate with you my efforts. Please reply to my request for your consent to file the most recent motion in the U.S. District Court for the District of Columbia in Walls v. WFB. I sent to you a copy of the motion - memorandum and proposed order.

On Mon, Jun 24, 2013 at 10:09 AM, Feehan, Alison W. <Alison.Feehan@kutakrock.com> wrote:

Mr. Spikes – Please confirm that you are preparing a corrected joint appendix no later than close of business today. If I do not hear from you, we will proceed with the preparation of a corrected joint appendix and a motion for costs.


Alison W. Feehan
Kutak Rock LLP
Bank of America Center
1111 East Main Street, 8th Floor
Richmond, Virginia 23219
804 343-5205 (phone)
804 783-6192 (fax)

1

**From:** Feehan, Alison W.
**Sent:** Thursday, June 20, 2013 12:26 PM
**To:** Harry Spikes (harryspikes@gmail.com)
**Cc:** Young, Craig B.; Pfeiffer, Loc; Dodge, Jennifer A. (jennifer.dodge@kutakrock.com)
**Subject:** Wells Fargo v. Walls
**Importance:** High

Mr. Spikes, I am writing in reference to the joint appendix which was first received by Wells Fargo on Monday, June 17, 2013. The appendix omits documents that you previously stated would be inserted. Specifically, the appendix omits exhibit 3 of docket entry 50 (Memorandum in Support of Motion for Attorney's Fees by Wells Fargo). The appendix also fails to include any reference to the sealed document (docket entry 56). Although we will supply the sealed document to the Court, it needs to be referenced in the joint appendix and table of contents.

Pursuant to Local Rule 30(c) your client is required to file a corrected appendix incorporating such material. Also, F.R.A.P. Rule 30(d) requires that the appendix be arranged "chronologically." The appendix is not chronological and it also separates documents and exhibits (see docket entries 1 and 50). If these omissions and errors are not corrected, we will move the Court to compel same.

Finally, you have included appellant's discovery responses in the joint appendix. This discovery is not part of the record of this case and cannot be considered on appeal. If it remains in the appendix, we will move the Court to strike it and will also move for our costs of same.

Alison W. Feehan
Kutak Rock LLP
Bank of America Center
1111 East Main Street, 8th Floor
Richmond, Virginia 23219
804 343-5205 (phone)
804 783-6192 (fax)

ANY FEDERAL TAX ADVICE CONTAINED IN THIS MESSAGE SHOULD NOT BE USED OR REFERRED TO IN THE PROMOTING, MARKETING OR RECOMMENDING OF ANY ENTITY, INVESTMENT PLAN OR ARRANGEMENT, AND SUCH ADVICE IS NOT INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED, BY A TAXPAYER FOR THE PURPOSE OF AVOIDING PENALTIES UNDER THE INTERNAL REVENUE CODE.

This E-mail message is confidential, is intended only for the named recipients above and may contain

information that is privileged, attorney work product or otherwise protected by applicable law. If you have received this message in error, please notify the sender at 402-346-6000 and delete this E-mail message. Thank you.

HARRY T. SPIKES SR.
P.O. BOX 23828 L" Enfant Plaza SW
Washington, DC 20026
(202) 288-4175 Email harryspikes@gmail.com

March 28, 2013

Ms. Alison Feehan
1111 East Main Street
Suite 8000
Richmond, VA 23219

      RE: Walls v. Wells Fargo : In the U.S. Court of
         Appeals for the Fourth Circuit
         Case Numbers:13-1087 and 13-1365
         Federal District Court  Case Number 1:12-cv- 00664-LMB-IDD

Dear Ms. Feehan:

Please review the Docket Sheet from the United States District Court for the Eastern Division of Virginia; Alexandria Division for the referenced documents Appellant's proposes as part of the Joint Appendix.

Documents and Numbers: The word ("Document") refers to Document Docket Number. Date filed refer to the date listed in the left corner of the Docket Sheet.

1. Document One: Date filed: 06/18/2012. Exhibit #1, 2, 4. The documents consist; the original complaint; Debt Instruments; Deed of Trust and Assignment of Rent Agreement.

2. Document 14 Date filed: 09/07/2012 all documents contained therein.

3. Document 15 Filed  09/07/2012

4. Document 18 Filed 09/13/2012  Only the Order(s) of the Court.

1


PLAINTIFF'S EXHIBIT B

5. Document 19 Filed 9/13/2012 only order(s) of the Court.

6. Document 28 Filed 11/07/2012 only the order(s) of the Court.

7. Document 30 Filed 11/09/2012 only the order(s) of the Court.

8. Document 31 Filed 11/20/12 only the order(s) of the Court.

9. Document 39 Filed 12/28/2012 only the order(s) of the Court.

10. Document 40 Filed 12/28/2012 Judgment of 12/28/2012 entered the same date of which Appellant appealed.

11. Document 41 Filed 12/ 28/2012 Motions for Extend Discovery....

12. Document 43 Filed 12/31/2012

13. Document 47  Filed 01/04/2013  Order only

14. Document 49 Filed  01/11/2013 Motion for Attorneys' Fees

15. Document 50 Filed 1/11/2013 All Documents contained therein.

16. Document 53 Filed 01/16/2013  : Ms. Feehan, please provide the un-redacted sealed documents reference in Document #53 which reference Doc#50.. See Document 56 Filed 01/22/2013 Sealed Document ( Entered 01/23/2013)

17. Document 54 Filed 01/16/2013 all documents contained therein.

18. Document 61   Filed 01/31/2013 Order of the Court

19. Document 64 Filed 03/04/2013 Memorandum Opinion in re 49 Motion.

20. Document 65 Filed 03/04/2013 Order Granting 49 Motion for Attorney Fees ODERED that defendant Barbranda Walls pay Wells Fargo Bank, National Association a total of $251,624.08, consisting of $99,094.19 in attorneys' fees and $152,529.89 in cost. Judgment entered 03/19/2013 and timely appealed to the United States Court of Appeal for the 4th Circuit.

21. The Docket numbers jump from 52 to 58. Are there any documents representing 53, 54, 55, 56, and 57?

Signature of: **Harry T. Spikes, Sr.**

---

### CERTIFICATE OF SERVICE

I hereby certify that on this 28[th,] ,day of  March 2013,  I served a true copy of the designation of documents for the joint appendix to be filed with the 4th Circuit Court of Appeals   upon  Kutak Rock LLP Loc Pfeiffer. VS. No.  39632 Alison W. Feehan, VSB No. 35225  1111 East Main Street, Suite 800 Richmond , VA. 23219: Loc.Pfeiffer@KutakRock.com   Alison. Feehan@KuakRock.com  Counsel for Wells Fargo Appellee by regular mail and E – email by way of their respective email address.

Signature of: Harry T. Spikes, Sr.

**KUTAK ROCK LLP**

SUITE 800
BANK OF AMERICA CENTER
1111 EAST MAIN STREET

RICHMOND, VA 23219-3500

804-644-1700
FACSIMILE 804-783-6192

www.kutakrock.com

ATLANTA
CHICAGO
DENVER
DES MOINES
FAYETTEVILLE
IRVINE
KANSAS CITY
LITTLE ROCK
LOS ANGELES
MINNEAPOLIS
OKLAHOMA CITY
OMAHA
PHILADELPHIA
RICHMOND
SCOTTSDALE
WASHINGTON
WICHITA

ALISON W. FEEHAN
alison.feehan@kutakrock.com
(804) 644-1700

April 22, 2013

**VIA E-MAIL AND FACSIMILE (202) 248-6865**

Mr. Harry T. Spikes, Esq.
P.O. Box 23828
L'Enfant Plaza, S.W.
Washington, D.C. 20026

Re:   Wells Fargo Bank v. Barbranda Walls

Dear Mr. Spikes:

    I am writing in response to your email of this date which contained a second draft of a proposed joint appendix for review. Please provide a revised list that includes trial court docket numbers or full titles. Without reference to the corresponding trial court docket numbers, and in the absence of additional identifying detail, we cannot conduct a meaningful review of the proposed joint appendix. As you will recall, in your initial list, you provided docket numbers and we were able to respond quickly with our proposed additions.

    The current list that you have provided describes the documents in such a vague manner that we cannot determine with any accuracy which documents are being referenced. The list further compounds this ambiguity by physically separating exhibits and omitting any reference to the removed primary document in the physical description. For example, the list includes "Affidavit of Brian Werner (Exhibit A)." The list does not provide a date, docket number, corresponding primary document, or otherwise attempt to identify the affidavit. As you know, there have been several affidavits from Mr. Werner that were filed with the district court. Another example is a reference to "Discovery" without any further explanation or detail. As you know, both parties propounded and responded to discovery in multiple courts.

    Also, we do not see any reference to the transcript that we requested in our correspondence of April 4, 2013.



PLAINTIFF'S
EXHIBIT
C

**KUTAK ROCK LLP**

Harry T. Spikes, Esq.
April 22, 2013
Page 2

Please provide a revised list as soon as possible so we can review it immediately.

Sincerely,

*[signature]*

Alison W. Feehan