**RECORD NO. 13-1087(L)**
**CONSOLIDATED W/13-1365**

IN THE

# United States Court of Appeals

**FOR THE FOURTH CIRCUIT**

_____

WELLS FARGO BANK, N.A.,

*Plaintiff-Appellee,*

v.

BARBRANDA WALLS,

*Defendant-Appellant.*

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
AT ALEXANDRIA

_____

RESPONSE BRIEF OF APPELLEE

_____

Alison W. Feehan
Craig B. Young
KUTAK ROCK, LLP
Bank of America Center
1111 East Main Street, Suiite 800
Richmond, Virginia 23219
(804) 343-5205
alison.feehan@kutakrock.com
craig.young@kutakrock.com

*Counsel for Appellee*
*Wells Fargo Bank, N.A.*

August 1, 2013

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case.  In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form.  Counsel has a continuing duty to update this information.

No. __13-1087__    Caption: __Barbranda Walls v. Wells Fargo Bank, N.A.__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__Wells Fargo Bank, National Association, successor by merger to Wachovia Bank, National Association__
(name of party/amicus)

_____

who is _____appellee_____, makes the following disclosure:
      (appellant/appellee/amicus)

1.    Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO

2.    Does party/amicus have any parent corporations?                        ☑ YES ☐ NO
      If yes, identify all parent corporations, including grandparent and great-grandparent corporations:
       Wells Fargo & Company

3.    Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                                    ☑ YES ☐ NO
      If yes, identify all such owners:
       Wells Fargo & Company

4.  Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))?  ☐ YES ☑ NO
    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question)  ☐ YES ☑ NO
    If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?  ☐ YES ☑ NO
    If yes, identify any trustee and the members of any creditors' committee:

Signature: _____    Date: _____1/18/2013_____

Counsel for: Wells Fargo Bank, NA

## CERTIFICATE OF SERVICE
**************************

I certify that on _____1/18/2013_____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Barbranda Walls
6259 Alforth Avenue
Alexandria, Virginia 22315
Hwalls007@aol.com

_____          _____1/18/2013_____
        (signature)                        (date)

# **TABLE OF CONTENTS**

Page

CORPORATE DISCLOSURE

TABLE OF CONTENTS ........................................................................... ii

TABLE OF AUTHORITIES ............................................................... iii, iv

JURISDICTIONAL STATEMENT ....................................................... 1

STATEMENT OF ISSUE PRESENTED ................................................ 1

STATEMENT OF THE CASE ................................................................ 2

STATEMENT OF FACTS ...................................................................... 5

SUMMARY OF ARGUMENT ............................................................. 10

STANDARD OF REVIEW .................................................................. 13

ARGUMENT ....................................................................................... 14

      A.    The Eastern District of Virginia Had Proper Venue and Jurisdiction ..................................................................... 14

      B.    Wells Fargo Was Well Within Its Legal Rights to File Suit on the Promissory Note while Pursuing a Nonjudicial Foreclosure ....... 16

      C.    Summary Judgment Was Properly Granted in Wells Fargo's Favor ....................................................................... 19

      D.    The Court Properly Exercised Its Discretion in Refusing to Allow Barbranda Walls Additional Time to Respond to Discovery and to File an opposition to Wells Fargo's Motion for Summary Judgment ................................................... 25

      E.    Attorneys' Fees and Costs Were Properly Awarded. ........................ 26

            1.    Barbranda Wall's Unreasonable and Litigious Conduct Amplified Attorneys' Fees and Costs ..................................... 27

2.    Attorneys' Fees and Costs Are Not Barred by the Statute of Limitations ............................................................................28

CONCLUSION .....................................................................................30

CERTIFICATE OF COMPLIANCE.......................................................32

CERTIFICATE OF SERVICE ...............................................................33

# TABLE OF AUTHORITIES

*Adickes v. S.H. Kress & Co.*,
      398 U.S. 144 (1970)........................................................................22

*Anderson v. Liberty Lobby*,
      477 U.S. 242 (1986)....................................................13, 14, 22

*Ardrey v. United Parcel Serv.*,
      798 F.2d 679 (4th Cir. 1986) ...................................................14, 25

*Batson v. Porter*,
      154 F.2d 566 (4th Cir. 1946) ....................................................23

*Celotex Corp. v. Catrett*,
      477 U.S. 317 (1986)..................................................................13, 22

*Foothills Holding Corp. v. Tulsa Rig, Reel & Mfg. Co.*,
      155 Colo. 232, 393 P.2d 749 (1964)........................................17, 18

*General Electric Credit Organization v. Lunsford*,
      209 Va. 743, 167 S.E.2d 414 (1969) .............................................17

*Haas v. Lee*,
      560 S.E.2d 256 (Va. 2002) .............................................................29

*Hill v. Lockheed Martin Logistics Management, Inc.*,
      354 F.3d 277 (4th Cir. 2004) .........................................................13

*Hooper v. Musolino*,
      364 S.E.2d 207 (Va. 1988) .............................................................29

*Perini Corp. v. Perini Construction, Inc.*,
      915 F.2d 121 (4th Cir. 1990) .........................................................13

*Roanoke Properties Ltd. Partnership v. Dewberry & Davis*,
      30 Fed. Appx. 121, 124 (4th Cir. 2002) .........................................14

*Roseboro v. Garrison*,
    528 F.2d 309 (4th Cir. 1975) ...........................................................................19

*Rowland v. America General Finance, Inc.*,
    340 F.3d 187 (4th Cir. 2003) ....................................................................14, 25

*Stone v. Liberty Mutual Insurance Co.*,
    105 F.3d 188 (4th Cir. 1997) ...........................................................................13

*Szego v. Kingsley Anyanwutaku*,
    651 A.2d 315 (D.C. 1994) ...............................................................................17

*United States v. Hirschfeld*,
    964 F.2d 318 (4th Cir. 1992) ...........................................................................29

*Walls v. Wells Fargo*,
    No. 2012 CA 7467 R(RP) (D.C. Sup. Ct. filed Sept. 17, 2012).................8, 16

*Walls v. Wells Fargo*,
    No. 1:13-cv-00126-EGS (D.D.C. filed Jan. 30, 2013) ......................................9

*Walls v. Wells Fargo*,
    No. 1:13-cv-00623-LMB-JFA (E.D. Va. June 20, 2013)) ..............................10

## STATUTES

28 U.S.C. § 1291 ...................................................................................................1
28 U.S.C. § 1332 .............................................................................................1, 16
Va. Code Ann. § 8.01-246 ..................................................................................29

## RULES

Fed. R. Civ. P. 36.........................................................................................19, 23
Fed. R. Civ. P. 36(a)...........................................................................................22
Fed. R. Civ. P. 36(b)...........................................................................................23
Fed. R. Civ. P. 56................................................................................................23
Fed. R. Civ. P. 56(c)................................................................................13, 22, 23
Fed. R. Civ. P. 56(e)............................................................................................22

## OTHER AUTHORITIES

Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal
   Practice & Procedure, § 2252 (2d ed. 1994) ...................................................23

## JURISDICTIONAL STATEMENT

This consolidated appeal is from the December 28, 2012, December 31, 2012, January 4, 2013, and March 4, 2013 orders of the United States District Court for the Eastern District of Virginia (the "Eastern District of Virginia").

The Eastern District of Virginia had subject matter jurisdiction over the underlying dispute pursuant to 28 U.S.C. § 1332 because the Eastern District of Virginia is the district where Barbranda Walls currently resides and where she resided when the operative loan documents were executed.

This Court has appellate jurisdiction pursuant to 28 U.S.C. § 1291.

## STATEMENT OF ISSUES PRESENTED

1.  Did the Eastern District of Virginia err as a matter of law in granting the motion of Wells Fargo Bank, National Association ("Wells Fargo") for summary judgment?

2.  Did the Eastern District of Virginia abuse its discretion in refusing to allow Barbranda Walls additional time to respond to discovery and to file an opposition to Wells Fargo's motion for summary judgment when she failed to oppose the motion or respond to discovery until after summary judgment was granted and she failed to provide a good faith reason for these failures?[1]

---

[1] Contrary to the Court's Order of July 18, 2013, instructing Barbranda Walls to file a corrected brief "to reflect proper citations to the corrected Joint appendix," Barbranda Walls's Revised Formal Brief includes numerous corrections wholly

3.   Did the Eastern District of Virginia err as a matter of law in awarding attorneys' fees and costs in favor of Wells Fargo pursuant to the operative loan documents?

## STATEMENT OF THE CASE

This is a mortgage default case involving a $600,000 commercial real estate loan extended by Wells Fargo to Barbranda Walls in 2005.  The defaulted loan was secured by a first priority lien on and security interest in investment property that Barbranda Walls owns in the District of Columbia.  Barbranda Walls defaulted on the Promissory Note and owes all payments dating back to June 4, 2008.  The investment property securing the loan is currently in foreclosure proceedings.

Wells Fargo brought suit against Barbranda Walls, a resident of Alexandria, Virginia in the Eastern District of Virginia, on June 18, 2012 to determine Barbranda Walls's liability under the Promissory Note.  When Barbranda Walls failed to file a responsive pleading, default was entered by the Clerk of the Eastern District of Virginia.  After default was vacated pursuant to a joint proposed Order

---

unrelated to citations, including the inclusion and deletion of entire paragraphs and arguments, and the addition of two discovery "attachments."  Not only is the edited filing in blatant disregard of the Court's Order, but the discovery attachments cannot be considered on appeal as the material was never filed with the Eastern District of Virginia and is not part of the record before this Court. Even had the discovery been filed with the Eastern District of Virginia, which it was not, it would not have resulted in a different outcome as a matter of law because, as the certificates of service evidence, the discovery was untimely and not served until the day on and the day after summary judgment had been entered.

allowing her to file a responsive pleading, Barbranda Walls failed to file such a pleading and instead filed a motion to transfer the case to the United States District Court for the District of Columbia.[2]   The motion to transfer was denied based largely on the undisputed fact that Barbranda Walls is a resident of Alexandria, Virginia.   Barbranda Walls subsequently filed a counterclaim against Wells Fargo demanding $1 million in damages.  The counterclaim was dismissed by Order of November 20, 2012.   Barbranda Walls filed a request to allow her husband to participate in the litigation, which was denied by Order of November 9, 2012.

On December 5, 2012, Wells Fargo filed a motion for summary judgment in part based on Barbranda Walls's failure to respond to any discovery requests, including requests for admissions.   When Barbranda Walls failed to oppose the motion for summary judgment, it was granted by Order of December 28, 2012, and final judgment was entered in favor of Wells Fargo.  After the Eastern District of Virginia ruled on the motion for summary judgment, Barbranda Walls filed a motion to extend discovery and to extend the time to file a written opposition.

---

[2] Barbranda Walls presented herself as a pro se litigant before the Eastern District of Virginia. However, during the hearing on the motion to transfer, she admitted that she filed her pleadings after consulting with attorney Harry Spikes ("Mr. Spikes").  The Eastern District of Virginia orally admonished her not to represent herself as pro se if she was receiving assistance of counsel.  (J.A. 68, lines 1-25, J.A. 68, lines 1-8).  Thereafter, Mr. Spikes filed his appearance in the Eastern District of Virginia on behalf of Barbranda Walls.  She is now represented

The Eastern District of Virginia denied the extension motions by Order entered December 31, 2012 observing that Walls "did not offer any reasonable explanation for her failure to file initial discovery disclosures or to respond in any respect to plaintiff's various discovery requests." Barbranda Walls then filed a motion for reconsideration, which was denied by Order of January 16, 2013, and on March 4, 2013, the Eastern District of Virginia entered an Order awarding $99,094.19 in attorneys' fees and $152,529.89 in costs to Wells Fargo based on the terms of the loan documents.

On January 15, 2013, Barbranda Walls noticed her appeal to the Fourth Circuit Court of Appeals as to the Orders of the Eastern District of Virginia dated December 28, 2012, December 31, 2012 and January 4, 2013. Barbranda Walls did not notice of appeal as to the Order of November 20, 2012, that dismissed her counterclaim, nor as to the January 16, 2013, Order denying her motion for reconsideration. On March 14, 2013, Barbranda Walls filed a second notice of appeal as to the March 4, 2013 Order of the Eastern District of Virginia that granted attorneys' fees and costs to Wells Fargo.

On April 8, 2013, this Court entered an Order consolidating case numbers 13-1365 and 13-1087.

---

by Mr. Spikes in all proceedings in the District of Columbia courts, as discussed herein, and before this Court.

## STATEMENT OF THE FACTS

### A.    The Investment Property and the $600,000 Loan

On or about November 4, 2005, Barbranda Walls obtained a loan from Wells Fargo in the original principal amount of $600,000.00.  (J.A. 11-27, J.A. 175 at ¶ 6, J.A. 230 at ¶¶ 3-4).  The loan is evidenced by a Promissory Note, a copy of which is attached to the Complaint as Exhibit 1 (the "Note").  (J.A. 11-16, J.A. 175 at ¶ 1).  Wells Fargo is the owner and holder of the Note. (J.A. 175 at ¶ 6).  The Note provides that interest will be paid on the unpaid balance after default and until paid in full at a rate equal to 9.49%. (J.A. 11).  The Note further provides that Barbranda Walls will pay all costs of collection or any similar type of cost, attorney's fees and court costs upon default. (J.A. 13).

Barbranda Walls's obligations to Wells Fargo under the Note are secured by, among other things, a Deed of Trust and Assignment of Rents ("Deed of Trust") dated November 4, 2005 and recorded in the official records of the Recorder of Deeds for the District of Columbia as Document #2005172809.  (J.A. 17-27, J.A. 175 at ¶ 2, J.A. 230 at ¶ 7).  The Deed of Trust grants Wells Fargo a first priority lien on and security interest in real property and improvements owned by Barbranda Walls and located at 585 Columbia Road, Northwest, Washington, D.C. 20001-2926, as more particularly described in the Deed of Trust and in Exhibit A to the Deed (the "Property").  (J.A. 26, J.A. 176 at ¶ 8, J.A. 231 at ¶ 8).

The Property that Barbranda Walls pledged as collateral for the Note is investment property – a multi-residential unit in the District of Columbia for which Barbranda Walls, a resident of Alexandria, Virginia, is landlord and collects rent. (J.A. 176 at ¶¶ 13-14, J.A. 64 at ¶¶ 9-10). The exact number of tenants and rental income generated by the Property is not known because Barbranda Walls has refused to provide information regarding the amount of income that she receives from the Property. (J.A. 64 at ¶ 10).

On information and belief, Barbranda Walls continues to receive rental income from the Property without making any payments to Wells Fargo and without payment of property taxes. (J.A. 176 at ¶¶ 14-19, J.A. 64 at ¶¶ 9-10). Wells Fargo has incurred costs and expenses exceeding $30,000 to satisfy tax liens on the Property. (J.A. 176 at ¶ 19).

The Note fully matured in 2010. (J.A. 12 ["In any event, all principal and accrued interest shall be due and payable on November 4, 2010."], J.A. 230 at ¶ 6). Barbranda Walls has been in default and *owes all payments due on the Note dating back to June 4, 2008*. (J.A. 176 at ¶¶ 15-18, J.A. 230 at ¶ 5).

As of November 7, 2012, the total amount of principal and interest due and owing under the Note is $672,349.04, plus attorneys' fees, expenses, costs, now existing or hereinafter incurred plus the interest at the 9.49% rate set forth in the Note from November 7, 2012, until paid. (J.A. 231 at ¶ 11). Wells Fargo has

performed all covenants, conditions, and promises required of it under the terms and conditions of the Note and Deed of Trust. (J.A. 203 at ¶ 22).

Barbranda Walls admits that she is indebted to Wells Fargo on the Note (J.A. 175 at ¶ 5), conceding that she was "not saying that we were not behind on the mortgage" or "that Wells Fargo was not entitle [sic] to some compensation. . . ." (J.A. 93-94 at ¶ 9).

On October 22, 2012, Wells Fargo served Interrogatories, Requests for Production and Requests for Admission on Barbranda Walls. (J.A. 162-178). No timely discovery responses or initial disclosures were made by Barbranda Walls. (J.A. 182)

## B.    Venue in the Eastern District of Virginia

On June 18, 2012, Wells Fargo filed suit with the Eastern District of Virginia to determine Barbranda Walls's liability under the Note. (J.A. 8-27). The Eastern District of Virginia is the district where Barbranda Walls resides currently, where she resided when the operative loan documents were executed, and where all of her documents are located. (J.A. 66, lines 21-25, J.A. 67, lines 1-17 [admitting in open court both to residing and maintaining all of her records in Alexandria, Virginia], J.A. 51 at ¶ 5, J.A. 116 at ¶ 2 [stating that Wells Fargo "was well within the right to initiate a lawsuit against [Barbranda Walls] . . . in the State

of Virginia."], J.A. 11 & 17 [operative loan documents containing statements regarding residency].

## C. Barbranda Walls's Efforts To Forestall Foreclosure Through Baseless Litigation in the District of Columbia.

In an effort to enforce its security interest in the Property, Wells Fargo scheduled a nonjudicial foreclosure on the Property for September 18, 2012. (J.A. 103 at ¶ 19, J.A. 56-57). Instead of making any payment, on September 17, 2012, the day before the scheduled foreclosure sale of the Property, and ten days before she filed her counterclaim in the Eastern District of Virginia, Barbranda Walls commenced the action in the Superior Court for the District of Columbia ("Superior Court"), seeking to enjoin Wells Fargo from foreclosing on the Property. (J.A. 98-148); *see Walls v. Wells Fargo*, No. 2012 CA 7467 R(RP) (D.C. Sup. Ct. filed Sept. 17, 2012).

On September 18, 2012, after holding a hearing at which Barbranda Walls was represented by Mr. Spikes and presented witness testimony, the Superior Court issued an Order denying Barbranda Walls's motion for preliminary injunction and allowing the foreclosure sale of the Property to proceed. *See* the Superior Court's Order of September 18, 2012, *Walls v. Wells Fargo*, No. 2012 CA 7467 R(RP) (D.C. Sup. Ct. filed Sept. 17, 2012). The Superior Court held that Wells Fargo had the lawful right to foreclose on the Property, finding that

Barbranda Walls "failed to demonstrate likelihood on the merits," that the "[a]rguments raised [by Barbranda Walls were] not supported by evidence." *Id.*

After her motion for a preliminary injunction was denied, the Superior Court dismissed Barbranda Walls's complaint as moot given that the foreclosure sale had already gone forward, observing:

> [Barbranda Walls] does not allege in her motion that she paid any of the charges that she contends are exorbitant, usurious, illegal, or otherwise unjustified . . . .

*See Walls v. Wells Fargo*, No. 1:13-cv-00126-EGS, Dkt. No. 1 at 124 (D.D.C. filed Jan. 30, 2013) (after removal to federal court).

After further motions, Barbranda Walls eventually obtained on January 14, 2013 leave from the D.C. Superior Court to file an amended complaint.  (J.A. 98-120).  The 23 page amended complaint that was then filed with the Superior Court contained an unsigned litany of claims demanding, among other things, rescission of the foreclosure sale and at least $9.9 million in damages. (J.A. 98-120).

On January 30, 2013, Wells Fargo removed the amended complaint to the United States District Court for the District of Columbia and filed a Motion to Dismiss, or in the Alternative to Transfer Venue or in the Alternative to Strike the Amended Complaint.  *See Walls v. Wells Fargo*, No. 1:13-cv-00126-EGS (D.D.C.), Dkt. No. 5.  On May 9, 2013, the case was transferred to the Eastern District of Virginia and subsequently dismissed with prejudice on June 20, 2013,

on the basis of res judicata and failure to allege claims upon which relief could be granted.  *Walls v. Wells Fargo*, No. 1:13-cv-00623-LMB-JFA (E.D. Va.), Dkt. No. 20, pp. 10-11.[3]

### D.    The Still Pending Sale Of The Property

On September 18, 2012, and pursuant the laws of the District of Columbia and the Superior Court's Order, the Trustee conducted a foreclosure and public sale of the Property, which resulted in a sales contract to a successful third party bidder.  (J.A. 231 at ¶ 9).  However, the sale has not closed as a result of title insurance issues created largely as a result of Barbranda Walls's relentless pursuit of this appeal and her baseless litigation before the District of Columbia courts.  (J.A. 231 at ¶¶ 9-10).

Wells Fargo has not received any proceeds from the sale and will not likely receive any proceeds from the sale in the foreseeable future.  (J.A. 231 at ¶¶ 9-10). It is possible that the successful bidder will terminate the contract as a result of the title insurance issues.  (J.A. 231 at ¶¶ 9-10).

## SUMMARY OF ARGUMENT

Wells Fargo brought suit against Barbranda Walls for payment and performance of all obligations owed under a defaulted commercial loan.  The loan

---

[3] The dismissal of Civil Action No.: l:13-cv-623 has now been appealed by Barbranda Walls as has been docketed in this Court as Record No. 13-1926.

at issue is a $600,000 real estate loan that Wells Fargo extended to Barbranda Walls in 2005. The loan was secured by a first priority lien on and security interest in investment property that Barbranda Walls, a resident of Virginia, owned in the District of Columbia. Barbranda Walls defaulted on the Note and *owes all payments dating back to June 4, 2008*. The Note, by its terms, fully matured in 2010.

Wells Fargo properly brought suit to enforce the Note in the Eastern District of Virginia, which is the jurisdiction where Barbranda Walls resides and maintains her documents. It is also the jurisdiction where she resided when the operative loan documents were signed.

Wells Fargo also scheduled a nonjudicial foreclosure sale of the collateral property located in the District of Columbia. On September 17, 2012, Barbranda Walls commenced litigation against Wells Fargo in the Superior Court, seeking to enjoin the foreclosure sale. The Superior Court refused to enjoin the foreclosure and the sale proceeded and resulted in a contract with a willing third party.

Unless and until the underlying debt is satisfied, Wells Fargo is well within its rights to seek both a judgment against Barbranda Walls under the Note and to pursue the nonjudicial foreclosure proceedings to enforce its security interest in the loan collateral. Enforcement of a promissory note and enforcement of a security

instrument are separate and distinct remedies that can be pursued separately or in conjunction or in any sequence whatsoever.

Wells Fargo served requests for admissions on Barbranda Walls, along with other discovery requests. Barbranda Walls failed to file any objections or timely respond to any of the discovery requests. As a result of her admissions throughout the litigation, the Eastern District of Virginia properly found no genuine issues of material fact in dispute and, accordingly, granted summary judgment in favor of Wells Fargo.

After the Eastern District of Virginia granted summary judgment in Wells Fargo's favor, Barbranda Walls moved for leave to file a late opposition and moved to extend discovery. The Eastern District of Virginia appropriately denied Barbranda Walls's motion, noting that she failed to offer any reasonable explanation for her failure to file initial discovery disclosures or to respond in any respect to Wells Fargo's discovery requests. Barbranda Walls subsequently moved for reconsideration of the Eastern District of Virginia's order on summary judgment which likewise was denied. The Eastern District of Virginia then properly awarded attorneys' fees and costs to Wells Fargo in accordance with the operative loan documents.

Barbranda Walls never filed a substantive response to Wells Fargo's motion for summary judgment and, accordingly, many of the arguments that she presents

here were not raised below and cannot be considered now. However, regardless of the fact that arguments raised in Barbranda Walls's Brief were not raised previously, they would not have resulted in a different outcome as a matter of law, as discussed below.

## **STANDARD OF REVIEW**

The standard of review on appeal for a grant of summary judgment is *de novo*, applying the same standard as the trial court. *Perini Corp. v. Perini Constr., Inc.,* 915 F.2d 121, 123 (4th Cir. 1990). Summary judgment is appropriate when the court, viewing the record as a whole and in the light most favorable to the nonmoving party, determines that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Hill v. Lockheed Martin Logistics Mgmt., Inc.*, 354 F.3d 277, 284 (4th Cir. 2004) (en banc).

As the nonmoving party below, Barbranda Walls has the ultimate burden of demonstrating a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). Although the court must draw all justifiable inferences in favor of the nonmoving party, the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence. *See Anderson*, 477 U.S. at 252; *Stone v. Liberty Mut. Ins. Co.,* 105 F.3d 188, 191 (4th Cir. 1997). Rather, the

evidence must be such that the fact-finder reasonably could find for the nonmoving party. *See Anderson*, 477 U.S. at 252.

The standard of review on appeal regarding a denial of a motion for additional time to respond and to extend discovery or a request for additional briefing is an abuse of discretion standard. This Court gives district courts "'wide latitude in controlling discovery'" and will not disturb discovery orders "'absent a showing of clear abuse of discretion.'" *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 195 (4th Cir. 2003) (quoting *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986)).

The traditional standard of review of an award of attorneys' fees is abuse of discretion. *Roanoke Properties Ltd. Partnership v. Dewberry & Davis*, 30 Fed. Appx. 121, 124 (4th Cir. 2002). Where, however, an appellant contends that the district court made an error of law in awarding attorneys' fees, the district court's rulings of law are reviewed *de novo. Id.*

## ARGUMENT

### A.    The Eastern District of Virginia Had Proper Venue and Jurisdiction.

Barbranda Walls argues that the Eastern District of Virginia did not have venue or subject matter jurisdiction over the underlying dispute. In support of her argument, Barbranda Walls asserts that the loan documents provide for venue and

jurisdiction in the District of Columbia. However, neither the Note nor the Deed of Trust contains venue or jurisdictional limitations. (J.A. 11-27).

The Eastern District of Virginia considered the questions of venue and jurisdiction in response to Barbranda Walls's motion seeking to transfer the case to the District of Columbia. (J.A. 48-57). The Eastern District held a hearing at which Barbranda Walls testified, admitting that she resides and maintains all of her documents in Alexandria, Virginia. (J.A. 66, lines 21-25, J.A. 67, lines 1-17). Based largely on the undisputed fact that Barbranda Walls is a resident of Alexandria, Virginia, the Eastern District of Virginia denied Barbranda Walls's motion to transfer by Order entered September 13, 2012. (J.A. 71).

Barbranda Walls admitted her Alexandria, Virginia residency both in open court at her motion to transfer venue as well as in subsequent pleadings. (J.A. 66, lines 21-25, J.A. 67, lines 1-17, J.A. 51 at ¶ 5, J.A. 116 at ¶ 2 [stating that Wells Fargo "was well within the right to initiate a lawsuit against [Barbranda Walls] . . . in the State of Virginia."]). Not only is Barbranda Walls a current resident of Alexandria, Virginia, but that was also her residence when the operative loan documents were signed, as evidenced by the language on the Note and Deed of Trust. (J.A. 11 & 17 [operative loan documents containing statements regarding residency]).

For all these reasons, the Eastern District of Virginia was a proper venue and had jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

**B. Wells Fargo Was Well Within Its Legal Rights to File Suit on the Promissory Note while Pursuing a Nonjudicial Foreclosure.**

Barbranda Walls argues that it was bad faith for Wells Fargo to file suit on the Note before exhausting its foreclosure remedies in the District of Columbia. Barbranda Walls's argument is unsupported by the applicable law and the language of the controlling loan documents.

Wells Fargo filed suit in the Eastern District of Virginia to determine Barbranda Walls's liability under the Note. (J.A. 8-30). As discussed above, the Eastern District of Virginia is the district where Barbranda Walls currently resides, keeps her documents, and where she resided when the operative loan documents were executed. (J.A. 66, lines 21-25, J.A. 67, lines 1-17, J.A. 51 at ¶ 5, J.A. 116 at ¶ 2, J.A. 11 & 17 [operative loan documents]).

Wells Fargo commenced nonjudicial foreclosure proceedings in the District of Columbia in order to enforce its interest in the collateral (*i.e.*, the Property) located in the District of Columbia. Litigation only commenced in the District of Columbia because Barbranda Walls chose to file suit and to pursue litigation there. *See Walls v. Wells Fargo Bank, N.A.*, Superior Ct., Case No.: CA 007467-12. It should be noted that Barbranda Walls commenced the litigation in the District of Columbia almost three months after litigation was filed in the Eastern District of

Virginia and ten days before she filed her counterclaim in the Eastern District of Virginia.

Enforcement of a promissory note and enforcement of a security instrument are separate and distinct remedies that can be pursued separately or in conjunction or in any sequence whatsoever. *See, e.g., Szego v. Kingsley Anyanwutaku*, 651 A.2d 315, 318 (D.C. 1994); *see also Gen. Elec. Credit Org. v. Lunsford,* 209 Va. 743, 747–48, 167 S.E.2d 414, 418 (1969). This is black letter law in the District of Columbia and Virginia. *Id.*

Unless and until the underlying debt is satisfied, Wells Fargo is well within its rights to "seek both a judgment against a maker or guarantor of the deed of trust note and a foreclosure (judicial or nonjudicial) pursuant to the deed of trust, and may do so in any sequence." *Szego*, 651 A.2d at 318. In the District of Columbia or in Virginia, or indeed in any state nationwide, absent a statute to the contrary:

> [T]he holder of a note secured by deed of trust has two remedies: 1. A suit on the debt evidenced by the promissory notes and 2. a specific action against the particular property which has been given as security for the payment of the debt. Upon failure to discharge the obligation, these remedies may be pursued concurrently or consecutively.

*Szego*, 651 A.2d at 317 (quoting *Foothills Holding Corp. v. Tulsa Rig, Reel & Mfg. Co.,* 155 Colo. 232, 393 P.2d 749, 751 (1964)). As clearly stated by the District of Columbia Court of Appeals, "[h]olders of notes secured by a deed of trust can both

sue the maker or guarantor and foreclose on the property regardless of which action they pursue first." *Id.*

Likewise, none of the operative documents require Wells Fargo to exhaust administrative foreclosure remedies before filing suit on the Note. To the contrary, the Note specifically provides for cumulative remedies in the event of default, noting that the Bank may "[e]xercise any rights and remedies as provided under the Note and other Loan Documents, or as provided by law or equity." (J.A. 13). The Deed of Trust provides "[a]ll remedies available to Bank with respect to this Deed of Trust or available at law or in equity shall be cumulative and may be pursued concurrently or successively. No delay by Bank in exercising any remedy shall operate as a waiver of that remedy or of any Default." (J.A. 24).

Here, there is no allegation that the debt is satisfied. Accordingly, the Eastern District of Virginia properly held that there was nothing improper about Wells Fargo seeking to hold Barbranda Walls to her contractual obligations by filing suit on the Note, while at the same time pursuing nonjudicial foreclosure proceedings against its collateral. Given the protracted history here, it would be unreasonable for Wells Fargo not to pursue both options simultaneously, and Wells Fargo was certainly well within its legal rights to do so.

### C.    Summary Judgment Was Properly Granted in Wells Fargo's Favor.

Wells Fargo filed a Motion for Summary Judgment, J.A. 156-178, seeking summary judgment against Barbranda Walls for payment and performance of all obligations owed under the Note.  Wells Fargo's motion provided Barbranda Walls with the proper notice pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).  Barbranda Walls did not respond to Wells Fargo's Motion for Summary Judgment and she has never provided a reasonable explanation for her failure to file, stating only that she "d[id] not have enough information to oppose the summary judgment motion at this time."  (J.A. 212).

Barbranda Walls likewise never served any initial disclosures or timely responses to any discovery requests.  (J.A. 182 at ¶ 3).  On October 22, 2012, Wells Fargo served several requests for admissions on Walls, along with numerous other discovery requests.  (J.A. 189-205).  As of December 27, 2012, Barbranda Walls had failed to file any objections or responses to those discovery requests. Wells Fargo filed a Motion to Compel, (J.A. 179-205) and, as of December 27, 2012, Barbranda Walls likewise had not responded to Wells Fargo's Motion to Compel.  (J.A. 182 at ¶ 3).

Because Barbranda Walls failed to respond to Wells Fargo's requests for admissions, all the proposed admissions were deemed admitted by the Eastern District of Virginia. *See* Fed. R. Civ. P. 36 (stating that unless a request for

admission is answered within 30 days of service, the matter it concerns is admitted, meaning that it is considered to be "conclusively established"). Given these admissions, there were no genuine issues of material fact in dispute and summary judgment was properly granted.

Barbranda Walls admitted that she executed the Note and Deed of Trust. (J.A. 175 at ¶ 1-2). The Note specifies that default occurs upon "[t]he failure of timely payment or performance of the Obligations or Default under this Note or any other Loan Documents." (J.A. 13). The Note, by its terms, matured on November 4, 2010, and Barbranda Walls has never contested that she failed to make timely payments on the Note since June 2008. (J.A. 12, J.A. 176 at ¶¶ 15-17, J.A. 93 at ¶ 9) ("My wife and I are not saying that we were not behind on the mortgage, and we are not saying that Wells Fargo was not entitled entitle [sic] to some compensation.").[4]

Although Barbranda Walls now denies the exact amount due under the Note, she has never offered any evidence to support this late denial or to contradict the affidavit submitted by a Wells Fargo employee stating that "[a]s of November 7, 2012, the total amount due to Wells Fargo from Ms. Walls under the Note, is

---

[4] To the extent that Barbranda Walls claimed after entry of summary judgment that she "does not concede that she was in default or delinquent on the Debt Instruments or that she was in breach of contract," (J.A. 344 at ¶ E), as the Eastern District of Virginia appropriately noted, those facts were already admitted. (J.A. 206-211).

$672,349.04, which includes the unpaid principal balance, accrued and unpaid interest, and late charges.  This number does not include attorneys' fees and costs incurred by Wells Fargo nor does it include the expenses incurred as a result of the Sale, all of which are also due to Wells Fargo under the Note."  (J.A. 231 at ¶ 11).

Barbranda Walls argues that there is a "disparity" between the amounts stated in Wells Fargo's affidavit, the August 22, 2012 payoff statement (J.A. 134), an August 4, 2012 loan billing statement (J.A. 137), and the Trustee's Notice of Foreclosure (J.A. 57-58).  Her argument fails in the face of the plain language of the documents.  The affidavit filed in support of summary judgment expressly *excludes* "attorneys' fees and costs" and "expenses incurred as a result of the Sale."  (J.A. 231 at ¶ 11).  The payoff statement *includes* "estimated" costs such as "legal" and "auction" costs.  (J.A. 134).  The monthly billing statement includes *only* principal, interest and late fees.  (J.A. 137) and the Notice of Foreclosure includes costs "expected to be incurred . . . *prior* to the date of sale." (J.A. 57) (emphasis added).[5]

By her own pleading, Barbranda Walls admits that she received the billing statement, Notice of Intent to Foreclose and payoff statement.  (J.A. 56-57, J.A.

---

[5] The affidavits submitted by Wells Fargo in support of summary judgment as J.A. 160 and J.A. 231 do not include estimates (because the actual expenses had by then been incurred) and do not include attorneys' fees and costs (because they were detailed in a separate affidavit at J.A. 232-311).

103 at ¶¶ 19-20, J.A. 137, J.A. 176 at ¶¶ 23-24). Regardless of her receipt of these documents, Barbranda Walls admits that she did not make any payment, or attempt to contact the Trustee, or take any other action whatsoever except to file suit. (J.A. 177 at ¶¶ 25-28). Had she made payment in response to the Notice of Foreclosure, she would not now be responsible for the additional legal costs, auction costs and accrued interest subsequently incurred.

The Court must grant a motion for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). A party opposing a motion for summary judgment "may not rest upon the mere allegation or denials of the adverse party's pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see also Celotex Corp v. Catrett,* 477 U.S. 317, 324 (1986). Unless the opposing party points to "affirmative evidence" showing disputed material facts, the court shall enter summary judgment, if appropriate, against the adverse party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 256-67 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 160 (1970).

Rule 36(a) of the Federal Rules of Civil Procedure relating to requests for admission provides, in pertinent part, as follows:

Each matter of which an admission is requested shall be separately set forth. The matter is admitted unless, within 30 days after service of the request, or within such shorter or longer time as the court may allow or as the parties may agree to in writing, subject to Rule 29, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, signed by the party or by the party's attorney. . . .

In failing to answer or object to the Requests for Admission within 30 days after service, Barbranda Walls admitted the matters contained therein. Any matter admitted under Rule 36(a) is "conclusively established unless the court on motion permits withdrawal or amendment of the admission." Fed. R. Civ. P. 36(b). The purpose of Rule 36 is to define and limit the matters in controversy in order to relieve the parties of the costs of proving facts that are not disputed. *See* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice & Procedure*, § 2252 (2d ed. 1994). If a party on whom a request for admissions has been served fails to respond the matter set forth in that request is admitted. *See Batson v. Porter,* 154 F.2d 566, 568 (4th Cir. 1946) (holding that unanswered requests for admissions are admitted and may support summary judgment, "unless a sworn statement is filed in which they are specifically denied or specific reasons are given why they cannot be truthfully admitted or denied"). Thus, admissions obtained under Rule 36 may show there is no genuine issue as to any material fact and justify the entry of summary judgment under the express language of Rule 56, and case law.

The Eastern District of Virginia properly granted summary judgment in favor of Wells Fargo and against Barbranda Walls for failing to pay all amounts due under the loan. The undisputed facts in the record establish that Barbranda Walls admits having executed the Note, indebting her to Wells Fargo. Barbranda Walls admits having executed the Deed of Trust. Barbranda Walls has not asserted satisfaction of the Note. Therefore, there is no dispute as to liability. Although Barbranda Walls now denies that she is indebted for the amount claimed, Wells Fargo submitted the affidavit of Brian Werner, an authorized agent of Wells Fargo, supporting the amount claimed. (J.A. 159-160, as supplemented by J.A. 230-31). Barbranda Walls has never offered any evidence to contradict the affidavit. Accordingly, summary judgment was properly awarded in Wells Fargo's favor and against Barbranda Walls for all obligations due and owing under the Note.

As of November 7, 2012, "the total amount due to Wells Fargo from Ms. Walls under the Note, is $672,349.04, which includes the unpaid principal balance, accrued and unpaid interest, and late charges. This number does not include attorneys' fees and costs incurred by Wells Fargo nor does it include the expenses incurred as a result of the Sale, all of which are also due to Wells Fargo under the Note." (J.A. 231 at ¶ 11). In addition, interest continues to accrue at the annual rate of 9.49%, as set forth in the Note from November 7, 2012, until paid. (J.A. 11, J.A. 231 at ¶ 11).

Given the extent of Barbranda Walls's admissions and her failure to respond to the motion for summary judgment and discovery, the Eastern District of Virginia appropriately granted summary judgment in favor of Wells Fargo and the judgment should be affirmed.

**D.    The Court Properly Exercised Its Discretion in Refusing to Allow Barbranda Walls Additional Time to Respond to Discovery and to File an opposition to Wells Fargo's Motion for Summary Judgment.**

After the Eastern District of Virginia granted summary judgment and entered final judgment in favor of Wells Fargo, Barbranda Walls filed a Motion to Extend Discovery and to Extend Time to File Written Opposition to Wells Fargo's Motion for Summary Judgment, (J.A. 212-215).  She asked for an additional 60 days to complete discovery, stating that she did "not have enough information to oppose the summary judgment motion at this time." (J.A. 212).  By Order entered December 31, 2012, the Eastern District of Virginia denied Barbranda Walls's motion.  (J.A. 216-217).

This Court gives district courts "'wide latitude in controlling discovery'" and will not disturb discovery orders "'absent a showing of clear abuse of discretion.'" *Rowland v. Am. Gen. Fin., Inc.*, 340 F.3d 187, 195 (4th Cir. 2003) (quoting *Ardrey v. United Parcel Serv.*, 798 F.2d 679, 682 (4th Cir. 1986)).  Here, Barbranda Walls failed to offer any reasonable explanation for her failure to file initial discovery disclosures, to file a written opposition to summary judgment, or

to respond to Wells Fargo's discovery requests.  The Eastern District of Virginia, accordingly, appropriately denied Barbranda Walls's motion by Order entered December 31, 2012.  (J.A. 216-217).

Apart from noting an appeal of the Court's December 31, 2012 Order, Barbranda Walls has asserted no specific argument to this Court regarding the December 31, 2012 Order of the Eastern District of Virginia and it should be upheld.

### E.    Attorneys' Fees and Costs Were Properly Awarded.

The Eastern District of Virginia properly awarded attorneys' fees and costs to Wells Fargo in accordance with the operative loan documents.  The Note and the Deed of Trust establish Wells Fargo's right to an award for attorneys' fees and costs.  (J.A. 13, J.A. 22).  These contractual documents provide that Barbranda Walls will pay all reasonable expenses, including attorneys' fees, costs, and other collection costs incurred by Wells Fargo in collecting or enforcing the loan obligations.  (J.A. 13, J.A. 22).  The reasonableness of the attorneys' fees and costs incurred by Wells Fargo and awarded by the Eastern District of Virginia is demonstrated by J.A. 232-311 & also Supplemental Appendix, and well-analyzed in the Memorandum Opinion of March 4, 2013, J.A. 354-372.

### 1. Barbranda Walls's Unreasonable and Litigious Conduct Amplified Attorneys' Fees and Costs.

It should be noted that the fees and costs at issue here were incurred over the course of five years and relate to several workouts and litigation in multiple courts extending back to 2007. (J.A. 234, J.A. 266). The Eastern District of Virginia aptly described the "tortured litigation" history that resulted from Barbranda Walls's unreasonable litigation conduct. (J.A. 369). As the Eastern District of Virginia concluded:

> [Walls's] position on [Wells Fargo's] request for attorneys' fees is meritless. Indeed, the record reflects that Walls's unreasonably litigious conduct has magnified the costs of litigation in this District and elsewhere by complicating what would otherwise have been a standard mortgage default case. Much of those litigation costs could have been avoided if Walls had behaved more reasonably.

(J.A. 362-363).

As evidence of Barbranda Walls unreasonable behavior, as early as November 8, 2012, she conceded in court pleadings that she was "not saying that we were not behind on the mortgage" or "that Wells Fargo was not entitle [sic] to some compensation." (J.A. 93 at ¶ 9). However, she argued that the judgment against her "must be reduced" by the amount that Wells Fargo obtains for the property at the foreclosure sale – a point that has always been acknowledged and never disputed by Wells Fargo.

If and when the sale closes, Barbranda Walls will receive due credit toward the debt per the Order of the Eastern District of Virginia. (J.A. 320). The fact that Barbranda Walls continued to argue this point, a point that has never been disputed, in the words of the Eastern District of Virginia "expos[es] the wild accusations and demands in the counterclaim to be little more than frivolous delay tactics." (J.A. 368).

### 2. Attorneys' Fees and Costs Are Not Barred by the Statute of Limitations.

For the first time on appeal, Barbranda Walls now argues that Wells Fargo's claim for attorneys' fees and costs should have been denied in part on the basis of the statute of limitations. Barbranda Walls argues that Wells Fargo seeks attorneys' fees incurred more than three years ago and, therefore, Wells Fargo's claim must be barred by the statute of limitations in the District of Columbia. This argument is inherently flawed.

First, Barbranda Walls's statute of limitations theory was never raised below. Barbranda Walls did not assert the statute of limitations as an affirmative defense below and it cannot be considered now for the first time on appeal. In the words of this Court, "[h]aving lost on the merits, however, and not having raised the limitations defense below, [Appellant] cannot now, in hindsight, raise the

defense for the first time on appeal." *See, e.g., United States v. Hirschfeld*, 964 F.2d 318, 321 (4th Cir. 1992).[6]

Second, Barbranda Walls's new theory is grounded on the flawed supposition that the accrual of damages necessarily equates to the accrual of the statutes of limitations.

Third, Barbranda Walls's statute of limitations argument erroneously assumes that the District of Columbia statutes of limitations are applicable here. Under settled conflict of law principles, statutes of limitations are considered procedural matters in Virginia. *See, e.g., Haas v. Lee,* 560 S. E. 2d 256 (Va. 2002). Even where parties to a contract agree that the law of another state will apply to the agreement, Virginia courts apply Virginia law to procedural issues. *See, e.g., Hooper v. Musolino,* 364 S.E. 2d 207 (Va. 1988). Accordingly, only Virginia statutes of limitation have any applicability in this matter.

Pursuant to Va. Code Ann. § 8.01-246, the statute of limitations on a written contract in Virginia is five years. The earliest attorney's fee or cost at issue was billable time incurred on August 13, 2007. (J.A. 266). This case was filed on June 18, 2012, less than five years after the first fees were incurred. Accordingly,

---

[6] Similarly, Barbranda Walls attaches various discovery materials to her Brief that cannot be considered here as the material was never filed with the Eastern District of Virginia and is not part of the record. Moreover, the certificates of service on this discovery show that it was untimely and not served until the day on which and the day after summary judgment had been entered against her.

even accepting Barbranda Walls's argument that equates damages sought to the accrual of the statute of limitations, there is no argument that any attorneys' fees or costs incurred here are barred by the applicable statute of limitations and the order of the Eastern District of Virginia should be upheld.

## **CONCLUSION**

On September 18, 2012, a foreclosure and public sale of the Property resulted in a sales contract to a successful third party bidder.  However, the sale did not close as a result of title insurance issues created in part as a result of Barbranda Walls's relentless pursuit of litigation.  It is time to hold Barbranda Walls accountable and to put an end to her attempts to use the judicial system to stalemate and disrupt Wells Fargo's legitimate and lawful efforts to enforce binding loan documents.

For all the reasons stated above, Wells Fargo Bank, National Association, successor by merger with Wachovia Bank, National Association, respectfully requests that the Court affirm the Orders of the Eastern District of Virginia dated December 28, 2012, December 31, 2012, January 4, 2013, and March 4, 2013, and grant such other and further relief as this Court deems appropriate.

DATED this 1st day of August, 2013.

Respectfully submitted,

By: /s/ Alison W. Feehan

**KUTAK ROCK LLP**
Craig Young, VSB No. 22633
Alison W. Feehan, VSB No. 35225
1111 East Main Street, Suite 800
Richmond, VA 23219
Telephone: (804) 644-1700
Craig.Young@KutakRock.com
Alison.Feehan@KutakRock.com
*Counsel for Appellee, Wells Fargo Bank, National
    Association*

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 7,401 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word 2003 in 14-point Times New Roman.



     /s/ Alison W. Feehan
              Counsel

Date: August 1, 2013

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 1, 2013, a true and correct copy of the

foregoing was served by ECF on Appellant's counsel as follows on:

> Harry T. Spikes
> harryspikes@gmail.com
> P.O. Box 23828
> L'Enfant Plaza, S.W.
> Washington, D.C. 20026
> *Counsel for Appellant*

>                   /s/ Alison W. Feehan
>                          Counsel