# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

| | |
|---|---|
| **WELLS FARGO BANK,** ) <br> **NATIONAL ASSOCIATION,** ) <br> ) <br> Appellee, ) <br> ) <br> v. ) <br> ) <br> **BARBRANDA WALLS,** ) <br> ) <br> Appellant. ) <br> ) | Record No. 13-1087 (L) <br> No. 13-1365 |

### Opposition to Barbranda Walls's Motion for Leave to File One Day Out of Time Corrected Appellant's Brief and Permission to File Attachment (A) and (B) to the Corrected Appellant's Brief

Appellee, Wells Fargo Bank, National Association, successor by merger with Wachovia Bank, National Association ("Wells Fargo"), by counsel, respectfully submits this Opposition to Appellant Barbranda Walls's Motion for Leave to File One Day Out of Time Corrected Appellant's Brief and Permission to File Attachment (A) and (B) to the Corrected Appellant's Brief [Dkt. No. 61-4].[1]

---

[1] This motion was not filed in accordance with the rules of this Court as a separate motion, but rather appears as an attachment to Barbranda Walls's Revised Formal Brief.

# ARGUMENT

## I. Barbranda Walls's Revised Formal Brief Violates This Court's Order of July 18, 2013.

This Court's Order of July 18, 2013, instructed Barbranda Walls to file a corrected brief "*by July 25, 2013 to reflect proper citations to the corrected joint appendix.*" *See* July 18, 2013 Order (emphasis added). In response to the Court's Order, Barbranda Walls filed a "Revised Formal Brief" on *July 26, 2013*,[2] that included numerous corrections wholly unrelated to citation corrections, including the inclusion and deletion of entire paragraphs and arguments, and the addition of two discovery "Attachments."

Barbranda Walls has not provided a justification for her late filing and the substantive edits in her Revised Formal Brief defy the Court's July 18, 2013 Order, in that they are not limited to appendix citation corrections. Just a few examples of the substantive revisions in the Barbranda Walls's Revised Formal Brief are as follows: (a) while the first partial paragraph on page 35 of the Revised Brief roughly coincides with the first full paragraph on page 37 of the June 10, 2013 Formal Brief, the second paragraph and the last paragraph on page 35 in the Revised Brief are both new; (b) all of page 36 in the Revised Brief is new; (c) the two paragraphs following the heading "Special Note" on page 37 of the Revised

---

[2] Although the certificate of service on the Revised Brief states that it was served through the Court's electronic filing system on "July 25, 2013," it was not in fact electronically filed until July 26, 2013.

Brief are new; (d) the first two paragraphs on page 41 of the Revised Brief are new; and (e) the underlined text on page 44 of the Revised Brief is new.

Likewise, Attachments A and B that Barbranda Walls has appended to her Revised Formal Brief are completely new and should not be considered by this Court. These materials were not attached to Barbranda Walls's June 10, 2013 Formal Brief and are not properly before this Court. Moreover, the attachment of these materials violates fundamental appellate procedure, as discussed below.

**II.    Attachments A and B to Barbranda Walls's Revised Formal Brief Should Not Be Considered in This Appeal.**

In her Revised Formal Brief, Barbranda Walls has appended two "Attachments" that were not in her initial brief and should not be considered in this appeal. Attachments A and B are untimely discovery documents that were not served by Barbranda Walls until after judgment was entered by the Eastern District of Virginia.[3] These documents were not filed with the Eastern District of Virginia and are not part of the record properly before this Court. These documents cannot be considered here, for the first time, on appeal.

The primary role of the appellate court is to review decisions made by the trial court, not to decide issues in the first instance. *Singleton v. Wulff*, 428 U.S. 106, 120 (1976) ("It is the general rule, of course, that a federal appellate court

---

[3] The certificates of service on this discovery show that it was untimely and not even served by Barbranda Walls by mail until the day on which and the day after summary judgment had been entered against her.

3

does not consider an issue not passed upon below."). Papers filed with a trial court after entry of judgment are not part of the record. *See e.g., Uhl v. Zalk Josephs Fabricators Inc.*, 121 F.3d 1133, 1135-36 (7th Cir. 1997) (striking deposition testimony where a portion of the testimony was first filed six weeks after responsive briefs were filed and a portion was filed with a motion for reconsideration after judgment was entered). In the words of this Court, "[h]aving lost on the merits . . . [Appellant] cannot now, in hindsight, raise [an issue] for the first time on appeal." *See, e.g., United States v. Hirschfeld*, 964 F.2d 318, 321 (4th Cir. 1992).

On October 22, 2012, Wells Fargo served Interrogatories, Requests for Production and Requests for Admission on Barbranda Walls. (J.A. 162-178). As of December 27, 2012, Barbranda Walls had failed to file any objections or responses to those discovery requests. Wells Fargo filed a Motion to Compel, (J.A. 179-205) and, as of December 27, 2012, Barbranda Walls likewise had not responded to Wells Fargo's Motion to Compel. (J.A. 182 at ¶ 3).

Only after the Eastern District of Virginia granted summary judgment in Wells Fargo's favor, did Barbranda Walls move for leave to file a late opposition and moved to extend discovery. She asked for an additional 60 days to complete discovery, stating that she did "not have enough information to oppose the summary judgment motion at this time." (J.A. 212). By Order entered December

4

31, 2012, the Eastern District of Virginia appropriately denied Barbranda Walls's motion noting that she failed to offer any reasonable explanation for her failure to file initial discovery disclosures or to respond in any respect to Wells Fargo's discovery requests. (J.A. 216-217).

Barbranda Walls's motion to introduce discovery that she failed to serve until after judgment was entered against her should be denied. This untimely material was never considered by the Eastern District of Virginia and should not be allowed to create any putative factual issues on appeal.[4]

---

[4] It should be noted that even had the discovery been filed with the Eastern District of Virginia, which it was not, it would not have resulted in a different outcome as a matter of law because, as the certificates of service evidence, the discovery was untimely and not served by mail until the day on and the day after summary judgment had been entered.

5

## **CONCLUSION**

Barbranda Walls's motion to allow the filing of an untimely and heavily edited Revised Formal Brief should be denied. Not only was the filing of the Revised Brief untimely, but the extensive revisions contained therein stand in violation of this Court's July 18, 2013 Order and the discovery appended to the Revised Formal Brief as Attachments (A) and (B) cannot be considered on appeal. For these reasons, Barbranda Walls's Motion for Leave to File One Day Out of Time Corrected Appellant's Brief and Permission to File Attachment (A) and (B) to the Corrected Appellant's Brief should be denied.

WHEREFORE, Wells Fargo Bank, National Association, successor by merger with Wachovia Bank, National Association, respectfully requests that the Court deny Barbranda Walls's Motion for Leave to File One Day Out of Time Corrected Appellant's Brief and Permission to File Attachment (A) and (B) to the Corrected Appellant's Brief.

DATED this 8th day of August, 2013.

6

Respectfully submitted,

By: /s/ Alison W. Feehan

**KUTAK ROCK LLP**
Craig B. Young, VSB No. 22633
Alison W. Feehan, VSB No. 35225
1111 East Main Street, Suite 800
Richmond, VA 23219
Telephone: (804) 644-1700
Craig.Young@KutakRock.com
Alison.Feehan@KutakRock.com
*Counsel for Appellee, Wells Fargo Bank, National Association*

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2013, a true and correct copy of the foregoing was served by ECF on Appellant's counsel as follows on:

Harry T. Spikes
harryspikes@gmail.com
P.O. Box 23828
L'Enfant Plaza, S.W.
Washington, D.C. 20026
*Counsel for Appellant*

/s/ Alison W. Feehan
Counsel

4835-6775-2213, v. 1

7